UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| JESSICA CRAWFORD,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHSTAR LOCATION SERVICES, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>Case No. 1:21-cv-381<br><br>**JURY DEMAND** |

## COMPLAINT

Now comes JESSICA CRAWFORD ("Plaintiff"), complaining as to NORTHSTAR LOCATION SERVICES, LLC ("Defendant"), as follows:

### JURISDICTION

1. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the action arises under the laws of the United States.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

### PARTIES

3. Plaintiff is a natural person residing in the State of Oregon.

4. Defendant is a New York limited liability company with its principal place of business in Cheektowaga, New York.

5. Defendant is a third-party debt collector whose primary purpose is the collection of defaulted consumer accounts.

[ 1 ]

**BACKGROUND**

6. Plaintiff obtained a Barclays Bank Delaware / Upromise Mastercard credit card account.

7. Plaintiff used this credit card account to make purchases for personal and household purposes, such as paying her bills and buying groceries.

8. Plaintiff did not use the account for any business or commercial purpose.

9. After the account went into default, Barclays Bank Delaware sold it, and Defendant acquired the account.

10. Thereafter, in about late June or early July of 2020, Defendant initiated a concerted campaign of harassing calls to Plaintiff and her relatives and acquaintances in an attempt to collect upon the account.

11. On July 14, 2020, Defendant placed a call to Plaintiff's partner.  On information and belief, on this call Defendant informed him that it was a debt collector.

12. On July 14, 2020, Defendant left a voicemail on Plaintiff's mother's phone informing her that it was a debt collector.

13. On or about July 14, 2020, Defendant spoke to Plaintiff's landlord by telephone and informed her that it was a debt collector and was pursuing Plaintiff.

14. On July 14, 2020, after learning about Defendant's call to her partner, Plaintiff visited Defendant's website and submitted a "contact" form informing Defendant in writing that she was interested in settling the debt, listing her up-to-date contact information and requesting that Defendant cease its calls to third parties.

15. On July 15, 2020, Defendant again called Plaintiff's partner. On this call, Defendant informed Plaintiff's partner that they were seeking to make contact with Plaintiff in order to collect a debt.

16. On July 15, 2020, after learning about this second call to her partner, Plaintiff mailed a letter to Defendant by certified mail. In that letter, Plaintiff reiterated her offer to settle the debt, and she expressly forbid Defendant from contacting her in any manner other than by mail or by email. Plaintiff provided both her correct address and her correct email address for this purpose.

17. On or about July 16, 2020, Defendant again called Plaintiff's mother and left a voicemail informing her that it was a debt collector.

18. On July 20, 2020, Defendant signed for Plaintiff's letter in which Plaintiff demanded that it cease all calls to her and to third parties.

19. Defendant placed calls to Plaintiff on July 20, 22, 24, and 28, 2020. On information and belief, Defendant also placed a significant number of calls to Plaintiff prior to July 20, 2020.

20. On July 28, 2020, Defendant also placed another call to Plaintiff's partner and left a voicemail. In that voicemail, Defendant informed Plaintiff's partner that it was a debt collector.

21. Defendant continued placing calls to Plaintiff and her relatives and acquaintances until informed that Plaintiff had retained counsel.

22. Defendant's campaign of harassing phone calls terrified Plaintiff, causing her to worry about its potential to harm her relationships with her landlord and her

family.  It also caused stress and anxiety as a result of the difficult conversations with family and with her landlord that it occasioned.  As a result, Plaintiff lost sleep and otherwise suffered significant emotional distress for the duration of Defendant's campaign.

23. This action follows.

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff realleges the paragraphs above as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA because he incurred a loans used to provide for her own everyday subsistence.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

27. In the alternative, Defendant, is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28. Defendant's actions violated the following provisions of the FDCPA:

   a. § 1692b(2) by placing telephone calls to Plaintiff's landlord and partner informing them that it was pursuing Plaintiff for a purported debt;

   b. § 1692b(3) by placing additional telephone calls to Plaintiff's partner and to Plaintiff's mother without cause to believe either had new information;

   c. § 1692c(b) by placing telephone calls to Plaintiff's partner, mother, and landlord for purposes other than gathering location information;

    d. § 1692c(c) by placing telephone calls to Plaintiff after Plaintiff informed it in writing that she desired all future communications to take place by mail or email;

    e. § 1692d(5) by placing a large volume of calls to Plaintiff and her relatives and acquaintances within a short period of time, with the intent to annoy, abuse, or harass Plaintiff and her relatives until she paid on the purported debt;

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.**    Holding Defendant liable for violations of the FDCPA;

    **b.**    Awarding Plaintiff statutory damages of $1,000 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **c.**    Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

    **d.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **e.**    Awarding Plaintiff the costs of this action;

    **f.**    Awarding any other relief as this Honorable Court deems just and appropriate.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**

Dated:  March 11, 2021

                                                                       By:  s/ Geoffrey Parker

                                                                       Geoffrey Parker (0096049)
                                                                       HILTON PARKER LLC
                                                                       10400 Blacklick-Eastern Rd NW, Suite 110
                                                                       Pickerington, OH 43147
                                                                       Tel: (614) 992-2277
                                                                       Fax: (614) 927-5980
                                                                       gparker@hiltonparker.com
                                                                       *Attorney for Plaintiff*